

September 17, 2025

**VIA ECF**

Lyle W. Cayce
Clerk of Court
United States Court of Appeals
  for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

     Re:  *Pharmaceutical Research and Manufacturers of America v. Fitch*, No. 24-60340 (5th Cir.) (arg. Feb. 25, 2025)
            Response to Letter Under Fed. R. App. P. 28(j) (Dkt. 109)

Dear Mr. Cayce:

In *AbbVie, Inc. v. Fitch*, No. 24-60375, a Fifth Circuit panel issued a published decision rejecting the same preemption claims against HB 728—a Mississippi law regulating drug distribution—that PhRMA brought in this case. *AbbVie* requires rejecting PhRMA's preemption claims here. *Contra* PhRMA Letter 1-2 (Dkt. 109).

One: *AbbVie* "conclude[d]" that HB 728 "is not field preempted." Op.16; *see* Op.13-16. Federal law's "drug pricing" "framework" is not "so pervasive that Congress left no room for" state regulation of drug "distribution." Op.14-15. And "there is no dominant federal interest in" "the distribution of drugs to patients." Op.15-16. These rulings doom PhRMA's field-preemption claim. *See* PhRMA Br. 22-32.

Two: *AbbVie* "conclude[d]" that HB 728 "is not conflict preempted." Op.17; *see* Op.16-17. HB 728 does not "compel[ ]" drug makers "to provide their drugs at Section 340B prices to" non-covered entities. Op.16. And

1

"H.B. 728's enforcement scheme does not conflict with Section 340B's enforcement scheme." Op.17. These rulings doom PhRMA's conflict-preemption claim. *See* PhRMA Br. 32-50.

PhRMA claims that *AbbVie* "did not address" its argument that HB 728 "conflicts with" section 340B by "compel[ling] manufacturers to make additional sales at the 340B price beyond what federal law requires." Letter 1-2 (emphasis omitted). That is wrong. *AbbVie* squarely rejects the view that HB 728 "require[s]" drug makers "to sell larger quantities of their drugs at discounted prices than Section 340B requires." Op.9; *see* Op.16-17. (That is not surprising: like PhRMA, AbbVie argued that HB 728 improperly "expands manufacturers' obligations" under the 340B program. AbbVie Br. 60-63; PhRMA Br. 33-43.) PhRMA says that *AbbVie* ruled based on "the specific claims and sparse record" before that panel. Letter 1. But *AbbVie* rejects the same preemption claims that PhRMA brought. And AbbVie's record is far more extensive than PhRMA's, so PhRMA's record necessarily falls short too. *Compare* ROA.24-60340.69-122 (PhRMA's record) *with* ROA.24-60375.68-115, 367-722 (AbbVie's record). Last, PhRMA claims that *AbbVie* is "unpublished." Letter 1. In fact, on September 15 the *AbbVie* panel reissued its opinion as published.

Respectfully submitted,

/s/ Scott G. Stewart

Scott G. Stewart
  *Solicitor General*
Justin L. Matheny
Anthony M. Shults
  *Deputy Solicitors General*
MISSISSIPPI ATTORNEY
  GENERAL'S OFFICE
P.O. Box 220
Jackson, MS 39205-0220
Telephone: (601) 359-3680
Email: scott.stewart@ago.ms.gov

*Counsel for Defendant-Appellee*

cc: All counsel of record via ECF