Andrew D. Prins
andrew.prins@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

# LATHAM&WATKINS LLP

February 27, 2026

**Via CM/ECF**

Mr. Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA  70130-3408

Re:  *Pharmaceutical Research & Manufacturers of America v. Fitch*, No. 24-60340

Dear Mr. Cayce:

I write in response to the State of Mississippi's Rule 28(j) Letter, Dkt. 115-1, which identifies this Court's decision in *AbbVie, Inc. v. Murrill*, 2026 WL 350685 (5th Cir. Feb. 9, 2026), as supporting affirmance.  That decision does not control here for three reasons.

First, *Murrill* did not consider or address whether a law forbidding manufacturers from requiring covered entities to submit claims data as a condition of receiving 340B-priced drugs violates the Supremacy Clause.  2026 WL 350685, at *2-3.  Here, by contrast, PhRMA has argued that Mississippi law is invalid "insofar as it prohibits [such] claims data policies."  Reply Br. 16.  *Murrill* thus has no bearing on that argument.

Second, as to *Murrill*'s analysis of the preemption and vagueness claims raised against Louisiana's statute, the appellants in *Murrill* intend to seek rehearing en banc to correct the Court's flawed conclusions.  PhRMA respectfully suggests that it would be premature to rely on *Murrill* until the Court's deliberative process runs its course.

Finally, the United States recently filed amicus briefs in the First and Tenth Circuits arguing that similar state laws violate the Supremacy Clause.  Exs. A & B.  The laws in those states, as in Mississippi, "impermissibly target[] and discriminate[] against manufacturers that participate in a federal program," Ex. A, Br. at 12, frustrate the congressional "intent to create a uniform system" for 340B administration, *id.* at 15, and disincentivize Medicare and Medicaid participation, *id.* at 16-18.  Moreover, as the United States explains, *Murrill* "failed to recognize that the States lack authority to discriminate against those who do business with the federal government," *id.* at 22—as Mississippi does here.

LATHAM&WATKINS<sup>LLP</sup>

                          Respectfully submitted,

                          */s/ Andrew D. Prins*
                          Andrew D. Prins

                          *Counsel for Pharmaceutical Research and Manufacturers of America*

cc: All counsel of record (via CM/ECF)